**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**VINCENT TRAN,**

**Plaintiff,**

**v.**

**TYCO ELECTRONICS, CORPORATION, a foreign business corporation registered in Pennsylvania, DBA TYCO ELECTRONICS PRECISION INTERCONNECT,**

**Defendant.**

**07-CV-953-BR**

**OPINION AND ORDER**

**VINCENT TRAN**
16100 S.E. Mill Street
Portland, OR 97233
(503) 760-3833

Plaintiff, *Pro Se*

**LEAH S. SMITH**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss (#16) Counts Four and Five of Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6). For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

The following facts are taken from Plaintiff Vincent Tran's Amended Complaint:

Plaintiff is a 42-year-old Vietnamese man who has lost the use of his left arm. Defendant hired Plaintiff in 1992. From 1992 through 2003 Plaintiff received promotions and/or raises.

On May 4, 2006, Plaintiff filed a complaint with the Oregon Bureau of Labor and Industries (BOLI). Plaintiff contends on May 22, 2006, Defendant removed Plaintiff from most of his duties as Senior Drafter and retained a Drafter who was younger and had less experience.

On September 27, 2006, Plaintiff fell at home and injured his right wrist. Plaintiff contends he attempted to return to

work on October 2, 2006, but Defendant "forced [him] to leave" because he did not have a release from his doctor. Plaintiff contends his doctor did not place him on any restrictions, and, therefore, his doctor could not provide a release. According to Plaintiff, he returned to work on October 3, 2006, after Defendant called Plaintiff's doctor.

Plaintiff contends at some point in October 2006 he requested to participate in job-related training, but Defendant denied his request.

According to Plaintiff, an engineer asked Plaintiff on November 22, 2006, to help him with a project. Plaintiff alleges he was capable of performing the work, but his supervisor, Evelyn King, transferred the project to another employee on the following day.

On December 19, 2006, Plaintiff filed an action in this Court, No. 06-CV-1810-BR, alleging Defendant violated (1) Title VII, 42 U.S.C. § 2000e-2(m); (2) 42 U.S.C. § 1981; and (3) Oregon Revised Statutes § 659A.030 when it demoted Plaintiff. Plaintiff also alleged a claim against Defendant for intentional infliction of emotional distress (IIED) based on his demotion.

Plaintiff contends at some point at "the end of 2006," King assigned Tran a task that he did not have the "access right to do." According to Plaintiff, he informed "the requestor" on January 4, 2007, that he did not have the necessary access

rights.

Plaintiff alleges on January 5, 2007, King verbally reprimanded Plaintiff for poor customer service, but later apologized to "the requestor" because she was not aware that Plaintiff did not have the necessary access rights. King then granted the access rights to Plaintiff.

In February 2007, Plaintiff alleges he received an employee performance review that reflected he did not meet Defendant's expectations in 2006.

On June 28, 2007, Plaintiff filed a second action in this Court, No. 07-CV-953-BR, in which he alleged Defendant violated Oregon Revised Statutes § 659A.030(1)(f) when it retaliated against Plaintiff for resisting unlawful discrimination based on his race, age, or national origin.

On July 11, 2007, Plaintiff filed an Amended Complaint in the second action in which he alleged Defendant (1) violated Oregon Revised Statutes § 659A.030(1)(f) when it retaliated against Plaintiff for resisting discriminatory treatment based on his race, age, or national origin and (2) violated Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, by retaliating against Plaintiff for filing a BOLI complaint.

On September 28, 2007, Plaintiff filed a second Amended Complaint in the second action in which he alleges Defendant (1) discriminated against Plaintiff on the basis of his race, color,

and/or national origin in violation of Title VII, 42 U.S.C. § 2000e-2(m); (2) discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981; (3) discriminated against Plaintiff on the basis of his race, color, and/or national origin in violation of Oregon Revised Statutes § 659A.030; (4) intentionally and negligently inflicted emotional distress; (5) committed fraud; and (6) violated Title VII, 42 U.S.C. § 2000e-2 and § 2000e-3, by retaliating against him because Plaintiff filed a BOLI complaint.

On October 18, 2007, Defendant filed a Motion to Dismiss Counts Four and Five of Plaintiff's second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6) "for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). In

*Parrino v. FHP, Inc.*, however, the court held "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  146 F.3d 699, 706 (9th Cir. 1998), *abrogated on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).  In addition, the court noted district courts may "consider documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'"  *Id*. at 705 (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).  The court extended this premise to allow the district court to "apply this rule to documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint, [and noted] such an extension is supported by the policy concern underlying the rule:  Preventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based."  *Id*. (citation omitted).

When a plaintiff appears *pro se*, the court "must construe liberally [the plaintiff's] inartful pleading."  *Ortez v. Wash. County,* 88 F.3d 804, 807 (9th Cir. 1996).  A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Before dismissing a *pro se* litigant's complaint, the "*pro se* litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint cannot be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)(quoting *Broughton v. Cutter Lab.,* 622 F.2d 458, 460 (9th Cir. 1980)(*per curiam*)). If a *pro se* litigant is given leave to amend the complaint, the court must set out the complaint's deficiencies to assist the litigant in avoiding repetition of his or her errors. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988).

## DISCUSSION

Defendant moves to dismiss Plaintiff's Counts Four and Five of Plaintiff's second Amended Complaint, which encompass Plaintiff's claims for IIED, negligent infliction of emotional distress (NIED), and fraud.

### I. Intentional Infliction of Emotional Distress

To bring a claim for IIED, Plaintiff must show Defendant intended to inflict severe emotional distress on Plaintiff, Defendant's actions were the cause of severe emotional distress, and Defendant's acts constituted an "extraordinary transgression

of the bounds of socially tolerable conduct." *Dallal v. Burger King Corp.*, 1995 WL 747438, at *2 (D. Or. Apr. 17, 1995)(citation omitted). *See also McGanty v. Staudenrous*, 321 Or. 532, 550 (1995).

"It is the defendant['s] acts, rather than [its] motives, that must be outrageous." *Dallal*, 1995 WL 747438, at *2 (citations omitted). "The conduct must be 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.*, at *3. Insults, harsh or intimidating words, and rude behavior do not ordinarily result in liability. *Hall v. May Dep't Stores*, 292 Or. 131, 135 (1981), *abrogated on other grounds by McGanty*, 321 Or. 532 (1995). Employer conduct that is "rude, boorish, tyrannical, churlish, and mean" is similarly not actionable. *Watte v. Edgar Maeyens, Jr.*, 112 Or. App. 234, 239 (1992)(internal quotation omitted).

Here Plaintiff contends Defendant did not inform Plaintiff about "the change of his position" and assigned Plaintiff "physical tasks." These facts do not establish any acts by Defendant that are outside the bounds of socially tolerable conduct.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's IIED claim.

**II. Negligent Infliction of Emotional Distress**

"Generally, a person cannot recover for negligent infliction of emotional distress if the person is not also physically injured, threatened with physical injury, or physically impacted by the tortious conduct." *Lockett v. Hill*, 182 Or. App. 377, 380 (2002).

Here Plaintiff alleges the same facts to support his claim for NIED that he alleged to support his claim for IIED. Plaintiff does not allege he was physically injured, threatened with physical injury, or physically impacted by Defendant's actions.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's NIED claim.

**III. Fraud**

Federal Rule of Civil Procedure 8(a) generally provides a pleading that sets forth a claim must contain "a short and plain statement of the claim showing the pleader is entitled to relief." A plaintiff need only include in the initial pleading sufficient factual allegations to provide the opposing party with "fair notice" of the claim and the grounds on which that claim is based. *Conley*, 355 U.S. at 47.

Federal Rule of Civil Procedure 9(b), however, provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." To satisfy the additional burdens imposed by Rule 9(b), the plaintiff must allege at a minimum "the time, place and nature of the alleged fraudulent activities." *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987), *overruled on other grounds by Howard v. Everex Sys., Inc.*, 228 F.3d 1057 (9th Cir. 2001). Under most circumstances, the plaintiff also must attribute specific conduct to individual defendants. *Moore*, 885 F.2d at 541.

To support his fraud claim, Plaintiff relies on paragraphs 10-12 and 24-26 of his second Amended Complaint in which he alleges:

> On the night of September 27, 2006, Tran fell at home, injured his wrist, since Tran has only right hand, he was forced to take a few days off as precaution. Tran's doctor never sign any document restricting or limiting the work that Tran could perform.
>
> On Monday, October 2, 2006, Tran attempted to return to work but was forced to leave because he did not have a release from his doctor, Tran was never placed on any restriction sand his doctor could not provide a written release. Tran's doctor fax Human Resources stating this information. Tran ignored its handbook policies and create hostile environment, and intimidate for Tran.
>
> Tyco stated it would call Tran's doctor on October 3, 2006. Tran returned to work by was force to use one and one half days of PTO or vacation to cover for missing hours.
>
> During review, the documents for the second complaint Tran discovered that on 2006 Tran

> received the 2005 performance review stating that he was not meeting expectation. The review included the months of October, November, and December of 2005. Tyco's employee review year runs from October to September of the following year. Tyco used events that Tran allegedly committed in October, November and December of 2005 as a basic for the poor employee performance review of 2005 and these three months again used on Tran's 2006-performance review.
>
> While reviewing documents for discovery Tran discover that on the responses to BOLI, Tyco intentionally, fraudulently provided false and misleading information to State and Federal Agencies in purposes to stray the investigations. Further more, statement "I have many sleek ways to direct the FDA auditors away from the problems" was making in the state meeting excited Tran's attention.
>
> During review all the documents, Oregon business registrations and other facts Tran suspects that Tyco was manipulate its internal administration to reduced employees compensation. On or about 2002 Precision Interconnect (P.I.) moved from Tyco Electronics to Tyco Healthcare, P.I. Human Resource claimed that Tyco Healthcare has different compensation system; therefore all P.I. employees will be cover under Tyco Healthcare policies. Later on 2003, Precision Interconnect was transfer back to Tyco Electronics, However compensation never reinstate to approximate 750 employees.

These paragraphs do not provide sufficient information about the time, place, or nature of the fraud allegedly committed by Defendant. The Court, therefore, concludes Plaintiff has not pled his fraud claim with the level of particularity required by Rule 9(b).

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's fraud claim.

**CONCLUSION**

For these reasons, the Court **GRANTS** Motion to Dismiss (#16) Counts Four and Five of Plaintiff's Amended Complaint Pursuant to FRCP 12(b)(6).

Because Plaintiff appears *pro se*, however, the Court grants him leave to amend his second Amended Complaint no later than February 14, 2008, to attempt to cure the deficiencies set out in this Opinion and Order as to his claims for IIED, NIED, and fraud alleged in Counts Four and Five. If Plaintiff chooses not to file an amended complaint by February 14, 2008, or if the amended complaint does not cure these deficiencies, the Court will dismiss Plaintiff's claims for IIED, NIED, and fraud with prejudice.

IT IS SO ORDERED.

DATED this 22nd day of January, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge