IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VINCENT TRAN, | 07-CV-953-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| TYCO ELECTRONICS, CORPORATION, a foreign business corporation registered in Pennsylvania, DBA TYCO ELECTRONICS PRECISION INTERCONNECT, | |
| Defendant. | |

VINCENT TRAN
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

    Plaintiff, *Pro Se*

LEAH S. SMITH
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709

1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

  Attorneys for Defendant

**BROWN, Judge.**

  On June 28, 2007, Plaintiff Vincent Tran filed an action in this Court in which he alleged Defendant Tyco Electronics Corporation violated Oregon Revised Statutes § 659A.030(1)(f) when it retaliated against Plaintiff for resisting unlawful discrimination based on his race, age, or national origin.

  On July 11, 2007, Plaintiff filed an Amended Complaint in which he alleged Defendant (1) violated Oregon Revised Statutes § 659A.030(1)(f) when it retaliated against Plaintiff for resisting discriminatory treatment based on his race, age, or national origin and (2) violated Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, by retaliating against Plaintiff for filing a BOLI complaint.

  On September 28, 2007, Plaintiff filed a second Amended Complaint in which he alleged Defendant (1) discriminated against Plaintiff on the basis of his race, color, and/or national origin in violation of Title VII, 42 U.S.C. § 2000e-2(m); (2) discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981; (3) discriminated against Plaintiff on the

2 - OPINION AND ORDER

basis of his race, color, and/or national origin in violation of Oregon Revised Statutes § 659A.030; (4) intentionally and negligently inflicted emotional distress; (5) committed fraud; and (6) violated Title VII, 42 U.S.C. § 2000e-2 and § 2000e-3, by retaliating against him because Plaintiff filed a BOLI complaint.

On October 18, 2007, Defendant filed a Motion to Dismiss Counts Four and Five of Plaintiff's second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

On January 22, 2008, the Court issued an Opinion and Order granting Defendant's Motion to Dismiss. In that Opinion and Order, the Court advised Plaintiff that

1. Plaintiff's allegations that Defendant did not inform him about "the change of his position" and assigned him "physical tasks" did not establish any acts by Defendant that are outside the bounds of socially tolerable conduct, and, therefore, Plaintiff had not stated a claim for Intentional Infliction of Emotional Distress (IIED).

2. Plaintiff did not allege he was physically injured, threatened with physical injury, or physically impacted by Defendant's actions, and, therefore, he had not stated a claim for Negligent Infliction of Emotional Distress (NIED).

3 - OPINION AND ORDER

       3.    Plaintiff's allegations of fraud did not provide sufficient information about the time, place, or nature of the fraud allegedly committed by Defendant, and, therefore, Plaintiff had not pled his fraud claim with the level of particularity required by Rule 9(b).

The Court granted Plaintiff leave to amend his second Amended Complaint no later than February 14, 2008, to attempt to cure the deficiencies as to his claims for IIED, NIED, and fraud alleged in Counts Four and Five.

On February 14, 2008, Plaintiff filed a Third Amended Complaint against Defendant in which he asserts, among other things, claims for IIED, NIED, and fraud.

In his Third Amended Complaint, Plaintiff alleges with respect to his IIED claim that Defendant (1) "Rejected Tran's works and accepted less quality works from other [*sic*] with intention to create distress, and humiliate Tran"; (2) assigned Plaintiff tasks that required him to carry and lift "causing the back, shoulder and later experience pain on the right collar bone joint"; (3) "Orchestrated events . . . and used it to reprimand Tran"; (4) "Denied Tran an access right to a Master Document Data and later reprimanded Tran for asking Ms Brown . . . for help to complete the task"; (5) "Ms Kin used action plan as an opportunities to belittle, berate and humiliate Tran"; and (6) "Repeatedly, Continuously subject the plaintiffs [*sic*] to

4 - OPINION AND ORDER

extremely humiliation, abuse and intimidation and other harassing behaviors." Plaintiff's first five allegations do not state facts that establish any acts by Defendant that are outside the bounds of socially tolerable conduct. Plaintiff's last allegation consists of only vague and conclusory statements. Accordingly, the Court concludes Plaintiff does not state a claim for IIED in his Third Amended Complaint.

In his Third Amended Complaint, Plaintiff's NIED claim rests on the same allegations as his IIED claim. Although Plaintiff alleges he experienced pain in his back, shoulder, and right collarbone joint as a result of Defendant assigning him to carry and/or lift, these allegations are not sufficient to state a claim for NIED. Under Oregon law, the physical-impact rule related to an NIED claim requires a "physical injury that gives rise to emotional distress." *Chouinard v. Health Ventures*, 179 Or. App. 507, 514 (2002). *See also Saechao v. Matsakoun*, 78 Or. App. 340, 346 (1986)(court noted the physical-impact rule requires "there be a direct accompanying injury to the person who suffers the emotional distress as a prerequisite to its compensability."). Plaintiff alleges he was required to lift boxes and that he experienced pain. Plaintiff, however, does not allege his emotional distress resulted from his alleged pain. Accordingly, the Court concludes Plaintiff has not stated a claim for NIED.

5 - OPINION AND ORDER

With respect to his fraud claim, Plaintiff alleges:

> . . . . On 2003 prior of returning Precision Interconnect to Tyco Electronics division the Human Resource and Director of Finance & Administration of Precision Interconnect informed its employees during info share event that the compensation of Healthcare division will be replaced the current system, because Precision Interconnect is lining under this division.  All employees compensation and benefit was imposed shortly after.  At the end of 2003 fiscal year (On or about October) Precision Interconnect was returned to Tyco Electronics, since returning Precision Interconnect to Electronics division Tyco manager/s have never mention of Electronics compensation system or reinstated the Tyco Electronics compensation to the employees.
>
> On September of 2007 reviewing documents for 2nd Amended Complaint the documents show that Precision Interconnect in fact registered to do business in State of Oregon under Tyco Electronics and its predecessor AMP since 1999 up to present. Tyco used its transfer reason as a vehicle to distort the facts of compensate reduction.  "For Tyco, the transferring function was just another revenue source and profit opportunity.  As a result, approximate 750 employees were misled and betrayed.  "Defendant's senior management orchestrated the scheme to disguise the Precision Interconnect's true compensation system," and deprive its employees terms and condition of employment.

Third Am. Comp. ¶ 25.  These allegations do not clearly set forth the actions taken by Defendant or provide a basis for being fraudulent as required by Federal Rule of Civil Procedure 9(b). The Court, therefore, concludes Plaintiff has not stated a claim for fraud.

6 - OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Court **DISMISSES** *sua sponte* Plaintiff's claims for IIED, NIED, and fraud.

IT IS SO ORDERED.

DATED this 19th day of February, 2008.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER