IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VINCENT TRAN,                                   07-CV-953-BR

       Plaintiff,

                                         OPINION AND ORDER

v.

TYCO ELECTRONICS,
CORPORATION, a foreign
business corporation
registered in Pennsylvania,
DBA TYCO ELECTRONICS
PRECISION INTERCONNECT,

       Defendant.


**VINCENT TRAN**
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

       Plaintiff, *Pro Se*

**LEAH S. SMITH**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709


1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

    Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion to Dismiss in Part Count Six of Plaintiff's Amended Complaint (#34). For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On June 28, 2007, Plaintiff Vincent Tran filed an action in this Court in which he alleged Defendant Tyco Electronics Corporation violated Oregon Revised Statute § 659A.030(1)(f) when it retaliated against Plaintiff for resisting unlawful discrimination based on race, age, or national origin.

On July 11, 2007, Plaintiff filed an Amended Complaint in which he alleged Defendant (1) violated Oregon Revised Statute § 659A.030(1)(f) when it retaliated against Plaintiff for resisting discriminatory treatment based on race, age, or national origin and (2) violated Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, by retaliating against Plaintiff for filing a complaint with the Oregon Bureau of Labor and Industries (BOLI).

On September 28, 2007, Plaintiff filed a [Second] Amended

2 - OPINION AND ORDER

Complaint in which he alleged Defendant (1) discriminated against Plaintiff on the basis of race, color, and/or national origin in violation of Title VII, 42 U.S.C. § 2000e-2(m); (2) discriminated against Plaintiff on the basis of race in violation of 42 U.S.C. § 1981; (3) discriminated against Plaintiff on the basis of race, color, and/or national origin in violation of Oregon Revised Statute § 659A.030; (4) intentionally and negligently inflicted emotional distress (IIED and NIED); (5) committed fraud; and (6) violated Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, by retaliating against Plaintiff because he filed a BOLI complaint.

On October 18, 2007, Defendant filed a Motion to Dismiss Counts Four and Five of Plaintiff's [Second] Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

On January 22, 2008, the Court issued an Opinion and Order granting Defendant's Motion to Dismiss.  The Court granted Plaintiff leave to amend his [Second] Amended Complaint no later than February 14, 2008, to attempt to cure deficiencies as to his claims for IIED, NIED, and fraud alleged in Counts Four and Five.

On February 14, 2008, Plaintiff filed a Third Amended Complaint against Defendant in which he asserts, among other things, claims for IIED, NIED, and fraud.  On February 19, 2008, the Court issued an Opinion and Order dismissing *sua sponte* Plaintiff's claims for IIED, NIED, and fraud for failure to state

3 - OPINION AND ORDER

a claim.

On March 3, 2008, Defendant filed a Motion to Dismiss in Part Count Six of Plaintiff's Amended Complaint in which it seeks an order dismissing Claim Six to the extent Plaintiff bases that claim on the allegations in paragraphs 9, 20, and 22 of his Third Amended Complaint because Plaintiff has not exhausted his administrative remedies as to these allegations.

## STANDARDS

In the Ninth Circuit, failure to exhaust administrative remedies "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). To decide a motion to dismiss for failure to exhaust administrative remedies, however, the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. Unlike summary judgment, dismissal for failure to exhaust administrative remedies is not a decision on the merits. *Id.* "If the district court concludes [a plaintiff] has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

## DISCUSSION

In his Sixth Claim, Plaintiff alleges Defendant discrimi-

4 - OPINION AND ORDER

nated against him in violation of Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, by retaliating against him for, among other things, filing a complaint with BOLI on December 8, 2006, and for filing an action in federal court on December 19, 2006 *(Tran v. Tyco*, 06-CV-1810-BR).

To establish federal subject-matter jurisdiction, a plaintiff is required to exhaust his administrative remedies before bringing a claim under Title VII.  *Lyons v. England, Sec. of the Navy*, 307 F.3d 1092, 1103 (9th Cir. 2002).  The "jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation."  *Id.*  "Subject matter jurisdiction extends to all claims of discrimination that reasonably could grow out of the charge."  *Vasquez v. Los Angeles County,* 349 F.3d 634, 644 (9th Cir. 2004).

To determine whether a claim of discrimination reasonably could "grow out of" the EEOC charge, the court must decide whether the claim "is reasonably related to the EEOC charge."  *Id.*  The court may consider "such factors as the alleged basis of the discrimination, the dates of the discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred."  *Id.*

In his Sixth Claim, Plaintiff alleges Defendant retaliated

5 - OPINION AND ORDER

against him for filing his December 8, 2006, BOLI complaint and his December 19, 2006, lawsuit by reprimanding him in January 2007 and by giving him an "unfair" performance evaluation in February 2007.

As noted, on December 8, 2006, Plaintiff filed a BOLI complaint in which he alleged Defendant discriminated against him in retaliation for filing an earlier complaint with BOLI on May 4, 2006.  Although his December 8, 2006, BOLI complaint did not include alleged events that occurred later in January and February 2007, Plaintiff attached to his Response to Defendant's Motion an "interview summary" of BOLI's investigative interview of Plaintiff on March 22, 2007.  The interview summary indicates the investigator questioned Plaintiff as to whether Defendant "knows about [Plaintiff's December 8, 2006, BOLI] complaint or [December 19, 2006,] lawsuit."  The interview summary also notes Plaintiff "got a bad review in February 2007."

On this record, it appears BOLI was aware of Plaintiff's complaint regarding his February 2007 review and was investigating Plaintiff's interactions with his supervisor that occurred after December 2006, including the alleged January 2007 reprimand.  The Court, therefore, concludes on this record that the allegations in Plaintiff's Sixth Claim either fall within the scope of BOLI's actual investigation or a BOLI investigation that reasonably could grow out of the BOLI charge.  *Compare Vasquez,*

349 F.3d at 645 ("As for Leeds' threat to transfer [the plaintiff], that event occurred several months after the alleged harassment and even after the EEOC had issued its right-to-sue letter.  The EEOC could not have investigated that incident because it had not yet happened at the time the EEOC was conducting its investigation.").

Accordingly, the Court denies Defendant's Motion to Dismiss in Part Plaintiff's Sixth Claim.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Dismiss in Part Plaintiff's Sixth Claim (#34).

IT IS SO ORDERED.

DATED this 30th day of May, 2008.

Garr King for

_____
ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER