IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| VINCENT TRAN, | 07-CV-953-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| TYCO ELECTRONICS, CORPORATION, A foreign business corporation registered in Pennsylvania, DBA TYCO ELECTRONICS PRECISION INTERCONNECT, | |
| Defendant. | |

VINCENT TRAN
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

    Plaintiff, *Pro Se*

LEAH S. SMITH
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709

1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

      Attorneys for Defendant

**BROWN, Judge.**

      This matter comes before the Court on Plaintiff's Motion to Reconsider (#81).  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and, having reconsidered the merits of Plaintiff's arguments, the Court adheres to its September 30, 2008, Opinion and Order granting Defendant's Motion for Summary Judgment.

## BACKGROUND

      On February 14, 2008, Plaintiff Vincent Tran filed a third Amended Complaint in this action in which he alleged Defendant Tyco Electronics Corporation discriminated against him on the basis of his national origin in violation of Title VII, 42 U.S.C. § 2000e-2, 42 U.S.C. § 1981, and Oregon Revised Statute § 659A.030 when it (1) included the months of October 2005-January 2006 in his FY 2005 performance evaluation, (2) required him to correct errors in his work, (3) reviewed his work more slowly than the work of his peers, and (4) denied him TEPSIE training.  Plaintiff also alleges Defendant retaliated against

2 - OPINION AND ORDER

him for filing a BOLI complaint and his prior federal court action by (1) assigning him to undesirable jobs such as moving files; (2) requiring him to obtain a doctor's release before allowing him to return to work in October 2006; (3) counseling him about his customer interaction on January 5, 2007; and (4) counseling him about requesting assistance from another employee.

On May 27, 2008, Defendant filed a Motion for Summary Judgment in which it sought summary judgment as to all of Plaintiff's claims.

On September 30, 2008, the Court issued an Opinion and Order in which it granted Defendant's Motion for Summary Judgment and entered a Judgment dismissing this matter with prejudice.

On October 14, 2008, Plaintiff filed a Motion to Reconsider. On October 24, 2008, Plaintiff filed a Notice of Appeal.

## **STANDARDS**

It is not clear whether Plaintiff intended to bring his Motion to Reconsider under Federal Rule of Civil Procedure 59 or Federal Rule of Civil Procedure 60.

"'Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in

3 - OPINION AND ORDER

the controlling law.'"  *Metoyer v. Chassman*, No. 04-56179, 2007 WL 2819300, at *2 (9th Cir. 2007)(quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Similarly, under Rule 60(b) "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004).

Under either Rule, the disposition of a motion for reconsideration is within the discretion of the district court.  *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006).

## DISCUSSION

### I.  Jurisdiction

As noted, Plaintiff filed a Notice of Appeal in this matter before the Court had the opportunity to address his Motion to Reconsider.  Federal Rule of Appellate Procedure 4(a) provides if a party files a notice of appeal after the Court enters judgment but before the Court addresses a motion for reconsideration, "the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."  Fed. R. App. P. 4(a)(4)(B)(I).  Under this

4 - OPINION AND ORDER

rule, therefore, the Court retains jurisdiction to address Plaintiff's pending Motion to Reconsider even though Plaintiff filed a Notice of Appeal. *B.R. v. Prosser School Dist.*, No. CV-07-5067- FVS, 2008 WL 4682654, at *3 (E.D. Wash. Oct. 21, 2008).

## II. Motion to Reconsider

Plaintiff asserts the Court should reconsider its decision granting Defendant's Motion for Summary Judgment because the Court failed to draw all of the inferences in his favor as to the following facts: (1) Precision Interconnect was acquired by Tyco Electronics rather than Tyco Healthcare, (2) Evelyn King was aware "TEPSIE is part of drafting task," and (3) Tyco misrepresented Plaintiff's past performance when it alleged Plaintiff was rated as "Below Expectations" in his FY 2002 evaluation.

### A. Acquisition by Tyco Electronics

Plaintiff asserts Precision Interconnect was acquired by Tyco Electronics rather than Tyco Healthcare. Plaintiff asserts the Court should infer from this that Defendant's proffered reason for changing Plaintiff's job title (*i.e.*, that Tyco required all Precision Interconnect employees to be assigned Tyco job titles so they could be placed in Tyco's Human Resources database and payroll system) was false.

Plaintiff alleged Defendant's act constituted

discrimination on the basis of Plaintiff's race.  As the Court noted in its September 30, 2008, Opinion and Order, however, all of the employees in Plaintiff's department had their job titles changed.  Both the job titles of Plaintiff and Gary Scott, a Caucasian male, changed from Design/Drafter to Senior Drafter.  The titles of at least two other employees in Plaintiff's department also changed from Designer to Design Drafter.  Plaintiff's job duties and rate of pay did not change.

On this record, the Court concludes Plaintiff's assertion that Tyco Electronics rather than Tyco Healthcare purchased Precision Interconnect does not raise an inference that Defendant changed Plaintiff's job title based on his race and it is not sufficient to alter the Court's conclusion that Plaintiff has not established a genuine issue of material fact exists as to the reason for the change in his job title.

    **B.  TEPSIE training**

Plaintiff asserts King was aware TEPSIE training "is part of drafting task," and, therefore, King's denial of Plaintiff's request to attend TEPSIE training was an adverse action.

In the Court's September 30, 2008, Opinion and Order, the Court assumed for the purposes of Defendant's Motion that King's denial of Plaintiff's request to attend TEPSIE training was an adverse action.  The Court concluded, however, that

6 - OPINION AND ORDER

Defendant presented a legitimate, nondiscriminatory reason for denying Plaintiff's request:  TEPSIE training was not relevant to Plaintiffs's job duties.  The Court further concluded Plaintiff did not establish Defendant's legitimate, nondiscriminatory reason was pretextual.

In his Motion to Reconsider, Plaintiff asserts an email from King establishes King was aware that TEPSIE is part of the drafting tasks.  In the email Plaintiff relies on, however, King states:  "Machine docs are not effected by TEPSIE as it relates to the drafting I would assign you to complete at this time."  The email, therefore, reinforces the Court's conclusion that Defendant provided a legitimate, nondiscriminatory reason for denying Plaintiff's request to attend TEPSIE training.  In addition, as the Court noted in its September 30, 2008, Opinion and Order, Plaintiff testified at his deposition that he did not have any evidence that TEPSIE training was related to his job duties.

Based on this record, the Court concludes the email at issue does not establish a genuine issue of material fact exists as to Defendant's legitimate, nondiscriminatory reason for denying Plaintiff's request to attend TEPSIE training.

**C.   Plaintiff's FY 2002 performance evaluation**

Plaintiff asserts Defendant improperly alleged Plaintiff received a "Below Expectations" on his FY 2002

7 - OPINION AND ORDER

evaluation, and, therefore, the Court should infer Plaintiff received an unfavorable performance evaluation in FY 2006 in retaliation for his BOLI complaint and prior federal action. Even if Plaintiff did not receives a rating of "Below Expectations" on his FY 2002 evaluation, Plaintiff does not establish how the FY 2002 evaluation raises an inference of retaliation as to the FY 2006 evaluation in light of the fact that the evaluations were completed four years apart by different managers.

In its September 30, 2008, Opinion and Order, the Court concluded Plaintiff did not establish a *prima facie* case of retaliation as to his FY 2006 evaluation because Defendant established King did not know Plaintiff had filed a BOLI complaint and a federal action before she gave him the unfavorable FY 2006 evaluation.  The Court also concluded Plaintiff did not establish a genuine issue of material fact existed as to whether King was aware of Plaintiff's BOLI complaint and federal action before the FY 2006 evaluation.  The Court did not reach the issue of pretext because Plaintiff did not meet his *prima facie* burden.

On this record, even if Plaintiff did not receive a rating of "below expectations" on his FY 2002 evaluation, the Court concludes that does not establish a genuine issue of material fact existed as to King's knowledge of Plaintiff's BOLI complaint

8 - OPINION AND ORDER

and federal action before she conducted his FY 2006 evaluation.

In summary, the Court concludes on this record that Plaintiff has not produced newly discovered evidence or established the Court committed clear error.  Accordingly, the Court adheres to its September 30, 2008, Opinion and Order granting Defendant's Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion to Reconsider (#81) and, having reconsidered the merits of the Plaintiff's arguments, the Court adheres to its September 30, 2008, Opinion and Order granting Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED this 10th day of November, 2008.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge