IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


VINCENT TRAN,                                    07-CV-953-BR

          Plaintiff,
                                                 OPINION AND ORDER
v.

TYCO ELECTRONICS,
CORPORATION, A foreign
business corporation
registered in Pennsylvania,
DBA TYCO ELECTRONICS
PRECISION INTERCONNECT,

          Defendant.


**VINCENT TRAN**
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

          Plaintiff, *Pro Se*

**LEAH S. SMITH**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709


1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant Tyco
Electronics Corporation's Bill of Costs (#79).  For the reasons
that follow, the Court awards costs to Defendant in the amount of
**$1,760.50.**

<u>**BACKGROUND**</u>

    On June 28, 2007, Plaintiff filed a Complaint in this action
in which he alleged Defendant violated Oregon Revised Statute
§ 659A.030(1)(f) when it retaliated against Plaintiff for
resisting unlawful discrimination based on his race, age, or
national origin.

    On July 11, 2007, Plaintiff filed an Amended Complaint in
which he alleged Defendant (1) violated Oregon Revised Statute §
659A.030(1)(f) when it retaliated against Plaintiff for resisting
discriminatory treatment based on his race, age, or national
origin and (2) violated Title VII, 42 U.S.C. §§ 2000e-2 and
2000e-3, by retaliating against Plaintiff for filing a BOLI
complaint.

2 - OPINION AND ORDER

On September 28, 2007, Plaintiff filed a second Amended
Complaint in which he alleged Defendant (1) discriminated against
Plaintiff on the basis of his race, color, and/or national origin
in violation of Title VII, 42 U.S.C. § 2000e-2(m); (2) discrimi-
nated against Plaintiff on the basis of his race in violation of
42 U.S.C. § 1981; (3) discriminated against Plaintiff on the
basis of his race, color, and/or national origin in violation of
Oregon Revised Statute § 659A.030; (4) intentionally and
negligently inflicted emotional distress; (5) committed fraud;
and (6) violated Title VII, 42 U.S.C. § 2000e-2 and § 2000e-3, by
retaliating against Plaintiff because he filed a BOLI complaint.

On January 22, 2008, the Court issued an Opinion and Order
in which it granted Defendant's Motion to Dismiss Plaintiff's
claims for intentional and negligent infliction of emotional
distress and fraud.

On February 14, 2008, Plaintiff filed a third Amended
Complaint in this action in which he alleges Defendant
discriminated against him on the basis of his national origin in
violation of Title VII, 42 U.S.C. § 2000e-2, 42 U.S.C. § 1981,
and Oregon Revised Statute § 659A.030 when it (1) included the
months of October 2005-January 2006 in his FY 2005 performance
evaluation, (2) required him to correct errors in his work,
(3) reviewed his work more slowly than the work of his peers, and
(4) denied him TEPSIE training.  Plaintiff also alleges Defendant

3 - OPINION AND ORDER

retaliated against him for filing a BOLI complaint and his prior
federal court action by (1) assigning him to undesirable jobs
such as moving files; (2) requiring him to obtain a doctor's
release before allowing him to return to work in October 2006;
(3) counseling him about his customer interaction on January 5,
2007; and (4) counseling Plaintiff about requesting assistance
from Brown for access to the MDD.

On May 27, 2008, Defendant filed a Motion for Summary
Judgment in which it sought summary judgment as to all of
Plaintiff's claims.

On September 29, 2008, the Court issued an Opinion and Order
in which it granted Defendant's Motion for Summary Judgment.  On
that same day, the Court entered a Judgment dismissing this
matter with prejudice.

On October 9, 2008, Defendant filed a Bill of Costs.


## STANDARDS

Absent a showing of circumstances not relevant here, an
award of costs is generally governed by federal law.  *See In re
Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th
Cir. 1987)(dictum).  Accordingly, the Court applies federal law
to the issue of awarding costs in this case.

28 U.S.C. § 1920 allows a federal court to tax specific
items as costs against a losing party pursuant to Federal Rule of

4 - OPINION AND ORDER

Civil Procedure 54(d)(1).  Section 1920 provides:

>A judge or clerk of any court of the United
>States may tax as costs the following:
>
>(1) Fees of the clerk and marshal;
>(2) Fees of the court reporter for all or any
>part of the stenographic transcript necessarily
>obtained for use in the case;
>(3)Fees and disbursements for printing and
>witnesses;
>(4)Fees for exemplification and copies of papers
>necessarily obtained for use in the case;
>(5)Docket fees under section 1923 of this title;
>(6)Compensation for court-appointed experts,
>compensation of interpreters, and salaries,
>fees, expenses, and costs of special
>interpretation services under § 1828 of this
>title.
>
>A bill of costs shall be filed in the case and,
>upon allowance, included in the judgment or
>decree.

The court has broad discretion to allow or to disallow a

prevailing party to recoup costs of litigation.  The court,

however, may not tax costs beyond those authorized by § 1920.

*Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).


## DISCUSSION

Defendant seeks costs of $1,760.50 comprised of fees for

court reporters and photocopying charges.  Defendant supports its

request with the Declaration of Leah S. Freed and an itemized

list of the transcripts ordered and the items photocopied.

Plaintiff objects to Defendant taxing him for the cost of

the deposition transcript of Evelyn King.

I.    **Court reporter fees.**

Defendant requests $1,555.30 for court reporter fees incurred in obtaining the deposition transcript of Evelyn King.

Although Plaintiff asserts this deposition "furnished no helpful information for Tyco's summary judgment," Plaintiff attributed allegedly discriminatory conduct to King and cited to the deposition transcript of King in his Response to Defendant's Motion for Summary Judgment.  Defendant contends, therefore, that a transcript of King's deposition was necessary to Defendant's preparation of its Reply.

On this record, the Court concludes Defendant properly obtained the transcript at issue and used it in its defense of this action.  Accordingly, the Court grants Defendant's request for $1,555.30 for court reporter fees.

II.   **This was not a complicated or close case.**

Plaintiff also asserts the Court should not award Defendant costs because this was a complicated and close case.  The Court disagrees.  This case presented standard issues of employment law related to discrimination and retaliation.  In fact, the Court concluded in its Opinion and Order that Plaintiff failed to establish even a *prima facie* case of discrimination or retaliation under Title VII, § 1981, or Oregon Revised Statute § 659A.030.

6 - OPINION AND ORDER

Accordingly, the Court declines to deny Defendant its costs on this basis.

## III. Plaintiff's ability to pay costs.

Plaintiff also contends the Court should not require him to pay Defendant's costs because Plaintiff has lost all of his income and does not have the financial resources to pay the costs as a result of Plaintiff's "discharge" from Defendant's employment.

Defendant, however, contends Plaintiff voluntarily resigned his employment on April 23, 2008, and he was not discharged from his employment.  Defendant also notes despite Plaintiff's assertion that he does not have the income to pay these costs, Plaintiff has not established he does not have any other resources to pay his costs in this matter.

Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  The Court's discretion, however, is not unlimited.  A district court must specify appropriate reasons for a refusal to award costs.  *Id.*

To overcome the presumption in favor of awarding costs to the prevailing party, the Court must make specific findings that the "case is not 'ordinary' and . . . it would be inappropriate

or inequitable to award costs." *Id.* at 593.  Appropriate reasons for a district court to deny costs to a prevailing party include the losing party's limited financial resources and any chilling effect a high award of costs might have on future litigants.  *Id.* at 592.  The losing party has the burden to prove that costs should not be awarded based on the party's inability to pay. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

The Court recognizes a cost of approximately $1,700 can be a steep one for an unemployed individual, but Plaintiff has not adequately established that he does not have sufficient resources to pay Defendant's costs.  In addition, the Court concludes the amount at issue here is not so great as to create a chilling effect on future litigants.  Finally, this record does not include any basis for the Court to exercise its discretion to, in effect, penalize Defendant for Plaintiff's unemployed status.

Accordingly, the Court awards $1,760.50 to Defendant as costs.

## CONCLUSION

For these reasons, the Court awards costs to Defendant in

8 - OPINION AND ORDER

this action in the amount of **$1,760.50**.

IT IS SO ORDERED.

DATED this 9th day of January, 2009.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


9 - OPINION AND ORDER