IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VINCENT TRAN,** | 07-CV-953-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **TYCO ELECTRONICS CORPORATION, a foreign business corporation registered in Pennsylvania, DBA TYCO ELECTRONICS PRECISION INTERCONNECT,** | |
| Defendant. | |

**VINCENT TRAN**
16100 S.E. Mill Street
Portland, OR  97233
(503) 760-3833

       Plaintiff, *Pro Se*

**LEAH S. SMITH**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
(602) 778-3709


1 - OPINION AND ORDER

**DAVID J. RIEWALD**
Bullard Smith Jernstedt Wilson
1000 S.W. Broadway
Suite 1900
Portland, OR 97205
(503) 248-1134

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motion to Set Aside Bill of Cost (#92). For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

    On June 28, 2007, Plaintiff filed a Complaint in this action in which he alleged Defendant violated Oregon Revised Statute § 659A.030(1)(f) when it retaliated against Plaintiff for resisting unlawful discrimination based on his race, age, or national origin.

    On July 11, 2007, Plaintiff filed an Amended Complaint in which he alleged Defendant (1) violated Oregon Revised Statute § 659A.030(1)(f) when it retaliated against Plaintiff for resisting discriminatory treatment based on his race, age, or national origin and (2) violated Title VII, 42 U.S.C. §§ 2000e-2 and 2000e-3, by retaliating against Plaintiff for filing a BOLI complaint.

    On September 28, 2007, Plaintiff filed a second Amended

Complaint in which he alleged Defendant (1) discriminated against Plaintiff on the basis of his race, color, and/or national origin in violation of Title VII, 42 U.S.C. § 2000e-2(m); (2) discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. § 1981; (3) discriminated against Plaintiff on the basis of his race, color, and/or national origin in violation of Oregon Revised Statute § 659A.030; (4) intentionally and negligently inflicted emotional distress; (5) committed fraud; and (6) violated Title VII, 42 U.S.C. § 2000e-2 and § 2000e-3, by retaliating against Plaintiff because he filed a BOLI complaint.

On January 22, 2008, the Court issued an Opinion and Order in which it granted Defendant's Motion to Dismiss Plaintiff's claims for intentional and negligent infliction of emotional distress and fraud.

On February 14, 2008, Plaintiff filed a third Amended Complaint in this action in which he alleges Defendant discriminated against him on the basis of his national origin in violation of Title VII, 42 U.S.C. § 2000e-2, 42 U.S.C. § 1981, and Oregon Revised Statute § 659A.030 when it (1) included the months of October 2005-January 2006 in his FY 2005 performance evaluation, (2) required him to correct errors in his work, (3) reviewed his work more slowly than the work of his peers, and (4) denied him TEPSIE training.  Plaintiff also alleges Defendant retaliated against him for filing a BOLI complaint and his prior

3 - OPINION AND ORDER

federal court action by (1) assigning him to undesirable jobs such as moving files; (2) requiring him to obtain a doctor's release before allowing him to return to work in October 2006; (3) counseling him about his customer interaction on January 5, 2007; and (4) counseling Plaintiff about requesting assistance from Brown for access to the MDD.

On May 27, 2008, Defendant filed a Motion for Summary Judgment in which it sought summary judgment as to all of Plaintiff's claims.

On September 29, 2008, the Court issued an Opinion and Order in which it granted Defendant's Motion for Summary Judgment. On that same day, the Court entered a Judgment dismissing this matter with prejudice.

On January 9, 2009, the Court issued an Opinion and Order awarding costs to Defendant in the amount of $1,760.50. On January 20, 2009, Plaintiff filed a Motion to Set Aside Bill of Cost on the grounds that he has filed a Notice of Appeal and he does not have any income to pay the cost bill in this matter.

## DISCUSSION

I. **Plaintiff's appeal does not deprive the Court of jurisdiction to award Defendant costs.**

In the Ninth Circuit, district courts have held "[c]osts may be taxed by the district court even though a notice of appeal has been filed." *Scottsdale Ins. Co. v. Sullivan Properties, Inc.*,

CIV No. 04-00550HG-BMK, 2007 WL 4390665, at *1 (D. Haw. Dec. 17, 2007)(citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982), and *Pixion Inc. v. PlaceWare Inc.*, No. C 03-02909, 2005 WL 3955889, at *2 (N.D. Cal. May 26, 2005)).  *See also Fidelity and Guar. Ins. Co. v. Reddy*, No. CIV. S-06-752 WBS GGH, 2008 WL 3126207, at *1 (E.D. Cal. Aug. 6, 2008)(citing *Odnil Music Ltd. v. Katharsis, LLC*, No. 05-0545, 2006 U.S. Dist. LEXIS 68849, at *15 (E.D. Cal. Sept. 22, 2006), and *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995)).  The Court finds these cases persuasive and concludes Plaintiff's Notice of Appeal does not deprive the Court of jurisdiction to resolve Defendant's Bill of Costs.

## II.  The Court adheres to its January 9, 2009, decision to award Defendant costs.

As the Court noted in its January 9, 2009, Opinion and Order, Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000).  The Court's discretion, however, is not unlimited.  A district court must specify appropriate reasons for a refusal to award costs.  *Id.*

To overcome the presumption in favor of awarding costs to the prevailing party, the Court must make specific findings that

the "case is not 'ordinary' and . . . it would be inappropriate or inequitable to award costs." *Id.* at 593. Appropriate reasons for a district court to deny costs to a prevailing party include the losing party's limited financial resources and any chilling effect a high award of costs might have on future litigants. *Id.* at 592. The losing party has the burden to prove that costs should not be awarded based on the party's inability to pay. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

In its January 9, 2009, Opinion and Order, the Court recognized a cost of approximately $1,700 can be a steep one for an unemployed individual, but Plaintiff failed to establish that he does not have sufficient resources to pay Defendant's costs. In addition, the Court concluded the amount at issue here is not so great as to create a chilling effect on future litigants. Finally, this record did not include any basis for the Court to exercise its discretion to penalize Defendant, in effect, for Plaintiff's unemployed status. Plaintiff has not submitted any new evidence of his financial status or authority to support his assertion that the Court should set aside its January 9, 2009, decision.

Accordingly, the Court denies Plaintiff's Motion and adheres to its January 9, 2009, award of costs of $1,760.50 to Defendant.

6 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **DENIES** Plaintiff's Motion to Set Aside Bill of Cost (#92).

IT IS SO ORDERED.

DATED this 3rd day of April, 2009.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - OPINION AND ORDER